IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL LACKEY,                    )
                                   )
            Plaintiff,             )    Case No. 05-6317-HO
                                   )
            v.                     )    ORDER
                                   )
Commissioner of Social Security,   )
                                   )
            Defendant.             )
_____)

Plaintiff brings this proceeding pursuant to section 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision denying plaintiff's application for supplemental security income disability benefits.  Plaintiff asserts disability beginning December 2, 1996, due to right and left shoulder pain, back pain, right ankle and knee pain, stomach problems and problems with thought process.  After several hearings, an administrative law

1 - ORDER

judge (ALJ) determined that plaintiff is not disabled.

Plaintiff contends the ALJ erred in: (1) rejecting the opinion of plaintiff's treating and examining doctors; (2) rejecting the opinion of a treating therapist; and (3) rejecting plaintiff's testimony.

A.   Medical Source Opinion

1.   Dr. Craig McNabb

Dr. Craig McNabb, an examining rehabilitation specialist, opined that plaintiff is not capable of performing sedentary or light work on a sustained regular basis.  Tr. 346-48.  Dr. McNabb found that psychological problems would be a major component in plaintiff's ability to work and that lower extremity injuries limit plaintiff's ability to walk and stand.  The ALJ rejected the opinion and did not find that plaintiff psychological status is a major component preventing work.  Tr. 39.

Where an ALJ chooses to disregard the opinion of a examining physician, he must set forth clear and convincing reasons for doing so if the physician's opinion is not contradicted by another doctor.  Smollen v Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).  If the physician's opinion is contradicted by another doctor and the ALJ wishes to disregard the opinion, the ALJ must set forth "specific, legitimate reasons for doing so that are based on substantial evidence in the record." Id.  To meet this burden, the

ALJ must set out a detailed analysis and thorough summary of the facts and conflicting clinical evidence, state his interpretation thereof, and make findings. Embrey v Bowen, 849 F.2d 418, 421 (9th Cir. 1988).

The ALJ listed medical evidence that contradicted D. McNabb's opinion and noted that Dr. McNabb's opinion is based on plaintiff's subjective complaints. Tr. 37-38, 39, 333, 334. As discussed below, the ALJ appropriately discounted plaintiff's credibility. Accordingly, the ALJ did not err in rejecting D. McNabb's opinion.

2.    Dr. David Bice

Dr. David Bice signed a certificate of disability stating that plaintiff met the definition of a disabled person. Tr. 455. The ALJ rejected this opinion.

Where an ALJ chooses to disregard the opinion of a treating physician, he must set forth clear and convincing reasons for doing so if the treating physician's opinion is not contradicted by another doctor. Fife v. Heckler, 767 F.2d 1427, 1431 (9th Cir. 1985). If a treating physician's opinion is contradicted by another doctor and the ALJ wishes to disregard the opinion, the ALJ must set forth "specific, legitimate reasons for doing so that are based on substantial evidence in the record." Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). To meet this burden the ALJ must set out a detailed analysis and thorough summary of the facts and

3 - ORDER

conflicting clinical evidence, state his interpretation thereof, and make findings. Embrey v Bowen, 849 F.2d 418, 421 (9th Cir. 1988).

The ALJ noted that Dr. Bice's opinion was contained within a form that was unsupported by any elaboration of the basis for the opinion and that other medical evidence of record contradicted the opinion. Tr. 41. The ALJ, thus, appropriately discounted this opinion. See Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (ALJ may reject opinion that is conclusory and unsubstantiated by relevant medical evidence is documentation). The ultimate decision regarding disability is reserved to the ALJ due to the combination of medical and vocational elements.

### 3.   Dr. Joseph Dunn

Dr. Joseph Dunn opined that plaintiff would be unable to sustain work activity on a regular basis. Tr. 824. The ALJ appropriately rejected this opinion finding that it was contradicted by other treating physicians, and that it was partly based on plaintiff's incredible subjective complaints. Tr 47.

### 4.   Dr. Peter Moulton

Dr. Peter Moulton opined that mental limitations would preclude plaintiff from performing sustained competitive work. Tr. 1015. The ALJ rejected this opinion because it was based on the

4 - ORDER

incomplete records provided by plaintiff's attorney and on plaintiff's assertions which as discussed below lack credibility. Tr. 55.  Accordingly, the ALJ did not err in rejecting this opinion.


B.   Opinion of Sandra Wiley

Treating Therapist Sandra Wiley observed that plaintiff had exhibited symptoms of fatigue, irritability, reactivity, mood swings, and difficulty with focus, memory and sleep.  Tr. 586. Wiley concluded that plaintiff did not appear able to pursue or maintain employment.  Tr. 892, 978.  The ALJ gave specific and germaine reasons for rejecting this opinion.  Tr. 49, 52..

The ALJ accepted Wiley's observations, but did not credit her conclusions which were of a medical nature and were inconsistent with the evidence of record.  Tr. 52.


C.   Plaintiff's Credibility

Plaintiff testified regarding symptoms that would require him to miss work up to ten days a month and prevent him from working on a sustained basis.  Tr. 1172-98, 1251-52.  The ALJ rejected plaintiff's testimony to the extent alleged.

In rejecting a claimant's testimony, the ALJ must perform a two stage analysis.  Smolen v Chater, 80 F.3d 1273, 1281 (9th Cir. 1996).  The first stage is the Cotton test.  Under this test a

5 - ORDER

claimant must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.  All that is required of the claimant is that he produce objective evidence of an impairment or impairments and show that the impairment or impairments could produce some degree of the symptoms alleged.  In addition, there must be no evidence of malingering.  A claimant need not show that the impairments in fact did cause the symptoms.  Id. at 1281-82.  The claimant need not produce objective medical evidence of the symptoms themselves or their severity.  Id. at 1282.  Once a claimant produces evidence to meet the Cotton test and there is no evidence of malingering, then the analysis moves to the second stage.

Plaintiff produced evidence that he suffers from degenerative disc disease status post-fusion and a history of shoulder impingement.  However, the ALJ noted evidence of malingering.  Tr. 60.  Dr. John Crossen testified that the record contained evidence of malingering, opium dependence, alcohol abuse, and marijuana dependence.  Tr. 1259-60.  While other medical providers considered malingering and concluded it was not justified, the ALJ did point to substantial evidence of malingering and thus did not err in his finding.  Morever, the ALJ noted other credibility issues.

Under the second part of the analysis, the ALJ must analyze

6 - ORDER

the credibility of a claimant's testimony regarding the severity of his symptoms.  The ALJ can reject a claimant's symptom testimony only if he makes specific findings, stating clear and convincing reasons for doing so.  Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993).  The ALJ cannot reject a claimant's symptom testimony solely because it is not fully corroborated by objective medical findings.  Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986).

In determining a claimant's credibility the ALJ may consider, for example:

> (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities. . . .  In evaluating the credibility of the symptom testimony, the ALJ must also consider the factors set out in SSR 88-13. . . . Those factors include the claimant's work record and observations of treating and examining physicians and other third parties regarding, among other matters, the nature, onset, duration, and frequency of the claimant's symptoms; precipitating and aggravating factors; functional restrictions caused by the symptoms; and the claimant's daily activities.

Smolen, 80 F.3d at 1284.

The ALJ noted inconsistencies between plaintiff's complaints and the findings of his doctors including notations of exaggeration. Tr. 60.  The ALJ also noted lack of compliance with physical therapy treatment, refusal to cooperate with mental health testing, and a pattern of changing health care providers when prescriptions for narcotics stopped.  Tr. 60.  The ALJ noted clear

7 - ORDER

and convincing reasons for rejecting plaintiff's testimony, even absent evidence of malingering.  Accordingly, the ALJ did not err in this regard.

CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is affirmed and this proceeding is dismissed.

DATED this __20th__ day of __Sept__, 2006.

                                    s/ Michael R. Hogan
_____
                              UNITED STATES DISTRICT JUDGE

8 - ORDER